# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALIYAH GARY,<br>   Plaintiff,<br><br>v.<br><br>TRUSTEES OF THE<br>ONE FIRST CONDOMINIUM<br>ASSOCIATION;<br>LEGGAT MCCALL PROPERTIES;<br>FIRST STREET VENTURE, LLC;<br>WILLIAM MATTHEWS;<br>BRENNAN, DAIN, LERAY,<br>WEIST, TORPY & GARNER, P.C.;<br>BARKAN MANAGEMENT CO., INC.;<br>ROBERT BRENNAN; and<br>DANIEL PASQUERRALLO,<br>   Defendants. | Civil Action No. _____<br><br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This is an action for damages brought by an individual consumer for Defendants' violations of the **Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.** (hereinafter "FDCPA") and the **Massachusetts General Laws Chapter 93A, et seq.** (hereinafter, "**Chapter 93A**"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## I. JURISDICTION

Jurisdiction of this Court arises under 15 U.S.C. § 1692k (d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## II. PARTIES

1. Plaintiff, **Aliyah Gary ("Plaintiff")**, is a natural person residing in 29 Otis Street Unit 203, Cambridge, County of Middlesex, Massachusetts 02141. A Declaration of Homestead was filed on said real property by Plaintiff on June 20, 2007 (Please see

1

Middlesex County Registry of Deeds, Book 49636, Page 372).

2.      **Defendant, Brennan, Dain, Le Ray, Weist, Torpy, & Garner, P.C. ("Garner")**, is a professional corporation organized under the laws of the Commonwealth of Massachusetts, engaged in the business of collecting debts in the Commonwealth of Massachusetts, with its principal place of business located at 129 South Street, 3rd Floor, Boston, County of Suffolk, Massachusetts 02111.  The principal purpose of Garner relevant to this action is the collection of debts using the instrumentalities of interstate commerce (i.e. the mails and telephones). Garner regularly attempts to collect debts alleged to be due another, and during all times relevant to this proceeding, acted as **"debt collector"** within the meaning of 15 USC 1692a sec. 803(6).

3.      Defendant, **Robert L. Brennan, Jr. ("Brennan")**, is a natural person employed by Brennan, Dain, Le Ray, Weist, Torpy, & Garner, P.C., and during all times relevant to this proceeding, acted as **"debt collector"** within the meaning of 15 USC 1692a sec. 803(6).

4.      Defendant, **Daniel Pasquarello ("Pasquarello")**, is a natural person employed by Brennan, Dain, Le Ray, Weist, Torpy, & Garner, P.C., and during all times relevant to this proceeding, acted as **"debt collector"** within the meaning of 15 USC 1692a sec. 803(6).

5.      Defendant, **William Matthews, ("Matthews")** is a natural person employed by Leggat McCall Otis Street, LLC, as Project Manager for the One First Condominium development. Matthews is also the sole member of the Board of Managers, and a Trustee of the One First Condominium Association, and conducting a business located at 150 Cambridge Street, Cambridge, County of Middlesex, Massachusetts 02141, during all times relevant to this proceeding.

6.      Defendant, **Barkan Management Company, ("Barkan")** is a corporation organized under the laws of the Commonwealth of Massachusetts. Barkan is engaged in the business of residential real estate management services, which include billing and collection of monthly condominium fees for residential properties located in Massachusetts, with its corporate place of business located at 24 Farnsworth Street, Boston, County of Suffolk, Massachusetts 02210, and at all times relevant to this proceeding, acted as a debt collector within the meaning of 15 USC 1692a sec. 803(6).

7.      Defendant, **One First Condominium Association, ("One First Condominium")** is an unincorporated association organized and existing under the laws of the Commonwealth of Massachusetts, and is the **Unit Owners Association** organized pursuant to the provisions Massachusetts General Laws, Chapter 183A, and doing business and located at 150 Cambridge Street, Cambridge, County of Middlesex, Massachusetts 02141, and at all times relevant to this proceeding, acted as a **"Creditor"** within the meaning of 15 USC 1692a sec. 803(4).

2

## III. FACTS

8.      On or about June 23, 2008, Brennan, while employed as a debt collector by Garner and working as an agent for One First Condominium Association, sent over his signature, a "**Notice of Delinquency Pursuant to M.G.L. c.183A Sec. 6**" ("**Notice of Delinquency**") letter to Plaintiff and Plaintiff's mortgagor, Boston Private Bank and Trust Company in an attempt to collect certain common area charges and other fees, which Creditor alleged to be past due.

9.      The letter stated that Plaintiff owed Creditor the sum of $2,295.27 for "common expense assessments, interest, late fees, and other charges which may become due...". The Notice of Delinquency also stated: "... All this can be avoided if you promptly pay off your debt or enter into an acceptable payment plan. ...". (Please see **Exhibit A-1 and A-2**, attached and incorporated).

10.     The Notice of Delinquency did not comply with the statutory mandates of 15 USC 1692e Section (11) which states in relevant part:

## § 807. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *Without limiting the general application of the foregoing, the following conduct is a violation of this section*:

>       (11) "**The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose...**" (Emphasis added. Please see **Exhibit A**, attached and incorporated).

11.     Further more, the Notice of Delinquency did not comply with the statutory mandates of 15 USC 1692g Section 809 (a)(3), which states in relevant part:

## "§ 809. Validation of debts

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector *shall*, unless the following information is contained in the initial communication or the consumer has paid the debt, *send the consumer a written notice containing—*

>       (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;..."

And

**"(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector;..."**

And

**"(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."...** (Emphasis added. Please see **Exhibit A-1**, attached and incorporated).

12.    Furthermore, Defendant, Brennan's Notice of Delinquency violated the statutory mandates of § 809. Validation of debts Sec. (b), which states in relevant part:

## "§ 809. Validation of debts

**"(b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, *the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector*. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) *unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed* or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period *may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt* or request the name and address of the original creditor."...** (Emphasis added. Please see **Exhibit A-1**, attached and incorporated).

13.    Defendant, Brennan's Notice of Delinquency violated the statutory mandates of § 809. Validation of debts Sec. (b), because it failed to contain any of the above requisite statutory language as required by FDCPA.

14.    These omissions of Defendant, Brennan (on his behalf and that of his employer(s) and principals), as stated above in the above paragraphs, constitute material violations of FDCPA and are "per se" violations of FDCPA, which give rise to liability under this statute, and thus makes Defendant Brennan, his employer(s), and his principal(s), and each of them liable to Plaintiff as provided by law.

15.    On or about July 8, 2008 (but well within the 30 day period provided by FDCPA for a

4

consumer to dispute or clarify a debt), Plaintiff responded to the Defendants Notice of Delinquency in writing via USPS first class mail and via email, to wit by:

(a)     Offering a payment plan that outlined "payment in full" by October 2008, and

(b)     Seeking to have certain sums which in good faith, Plaintiff believed at that time to be in the possession of Creditor, and which Plaintiff contended then and now herein contends, should have been rightfully applied and credited to her account, as "off-sets" to the Creditor's disputed sum due. (Please see **Exhibit B**, attached and incorporated).

16.     On or about July 24, 2008, Defendant, Brennan, without ever responding to Plaintiff's offer to Creditor of a payment plan (as set forth in Plaintiff's Exhibit B, above), a plan that was reasonable and offered in good faith, and would have fully reduced any claimed delinquencies within a commercially reasonable time and protected said secured creditor from any real monetary loss; sent another certified letter to Plaintiff's mortgagor stating that Plaintiff's proposed terms of payment under the plan was not acceptable to Creditor. (Please see **Exhibit C**, attached and incorporated).

17.     Plaintiff believes and therefore states that this letter to Plaintiff's mortgagor was an attempt to coerce the mortgage company into *prepaying* Plaintiff's personal obligation prior to allowing Plaintiff to do so, by stating that "a lien *will be prior to your first mortgage on the unit*." (Please see **Exhibit A-1 and C**, attached and incorporated). The letter to the mortgage company further stated that the Creditor is giving notice of intent to file action to enforce their lien.

18.     This letter to Plaintiff's mortgagor was sent by Defendant, Brennan one day after the lapse of the mandated FDCPA 30 day period for consumer disputes, and prior to Defendant Brennan ever replying to Plaintiff's request for an accounting and clarification of amounts claimed to be owed, from One First Condominium Association. This "*acceleration of collection efforts*" by Creditor in blatant violation of Plaintiff's statutory rights as provided by Congress under FDCPA, constitutes a "per se" violation of FDCPA, and thus makes Defendant Brennan, his employer(s), and his principal(s), and each of them liable to Plaintiff as provided by law.

19.     On or about September 3, 2008, Creditor filed a complaint against Plaintiff (Please see **Exhibit D**, attached and incorporated) without having ever communicated with the Plaintiff except for the original demand letter dated June 23, 2008, or responding to Plaintiff's offer as set forth in her FDCPA dispute letter of July 8, 2008. Plaintiff had tried unsuccessfully in good faith to discuss settlement options with Creditor prior to this date on numerous occasions by email and telephone.

20.     The Plaintiff has in good faith, with reservations, and under protest commenced paying all delinquent condominium fees alleged due by the Creditor, although Plaintiff believed that the amount demanded was incorrect. (Please see **Exhibit E**, attached and incorporated).

21.    Although the payments were brought current, Creditor continued the wrongful litigation, including seeking summary judgment against the Plaintiff (Please see **Exhibit F**, attached and incorporated).

22.    As a direct and proximate result of Defendants' and Creditor's wrongful acts as set forth above, Plaintiff suffered harm, to wit: headaches, nausea, disgrace, embarrassment, insomnia, and emotional distress, and had to incur sick leave in order to recover her health.

### IV. COUNT – FDCPA

23.    Plaintiff repeats and realleges and incorporates by reference all the preceding paragraphs above.

24.    Plaintiff believes and therefore states that Defendants violated the statutory mandates of FDCPA and that Defendants' violations include, but are not limited to, the following:

   a.    The Defendants violated 15 U.S.C. §1692e(2)(A) and (B)(**False or misleading representations**), by false representation as the character or amount of the debt or compensation due for collection of the debt.

   b.    The Defendants violated 15 U.S.C. §1692e(2), by falsely representing the results of nonpayment of the debt.

   c.    The Defendants violated 15 U.S.C. §1692g(a) by not providing the Debtor with the 30 days to verify and dispute the debt.

   d.    The Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect Plaintiff's condominium assessment to wit: by offering Plaintiff an illusory opportunity to settle this debt prior to The One First Condominium Association commencing litigation, liening Plaintiff's condominium Unit 203, and attempting foreclosure on said lien under M.G.L. c. 183A; without acting in good faith and fair dealing under the Trustees' fiduciary duties to Plaintiff as a condominium owner, to allow Plaintiff a real opportunity to enter a reasonable and doable written payment plan to pay off this debt with adding to it unnecessary and unconscionable legal fees and costs.

   e.    The Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect Plaintiff's condominium assessment to wit: Defendants refused to communicate directly with Plaintiff in a timely fashion and inform Plaintiff that the tendered payment plan was unsatisfactory and rejected by Creditor. Instead, Defendants sought to accelerate their collection efforts by wrongfully pressuring Plaintiff's mortgagor to pay an obligation for which

6

Plaintiff might ultimately be responsible.

f.    The Defendants violated 15 U.S.C. §1692f(1) by collecting from Plaintiff an amount above the actual amount Plaintiff owed and failure to give Plaintiff an accurate detailed and timely accounting of all sums received from Plaintiff during this dispute and to honestly apply said sums to Plaintiff's account.

g.    The Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequences of which was to harass, oppress, and abuse Plaintiff by refusing to return phone calls, answer letters or otherwise communicate with Plaintiff in order to settle this debt prior to utilizing litigation to do so.

h.    The Defendants violated 15 U.S.C. § 1692b (2) (3) by repeatedly communicating with the Plaintiff's mortgage company after having been requested to cease.

i.    The Defendants violated 15 U.S.C. § 1692c (b) **(Communication with third parties)** by communicating with the Plaintiff's mortgage company without permission from the Plaintiff on July 24, 2008, during the FCDPA 30 day dispute period.

j.    The Defendants violated 15 U.S.C. § 1692e (8) by communicating with the Plaintiff's mortgage company without communicating that the Plaintiff's debt was disputed at the time of communication.

As a result of the above violations of the FDCPA as set forth in the proceeding paragraphs, Plaintiff states the Defendants are liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, costs and fees as provided in the statute.

## V. COUNT – MASSACHUSETTS GENERAL LAWS
### CHAPTER 93A
### (As To All Named Defendants)

25.    Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

26.    Plaintiff further states that in intentionally, willfully or negligently doing or failing to do those things expressly mandated by FDCPA, as alleged above, Defendants also violated Massachusetts General Laws Chapter 93A, regulations enacted thereunder (940 CMR 7.00, et seq.), and the Commonwealth of Massachusetts Attorney Generals' Opinions.

(A) **940 CMR 7.00: Debt Collection Regulations** states in relevant part"

7

"The purpose of 940 CMR 7.00 is to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from persons within the Commonwealth of Massachusetts.
...

## 7.06: Contact with Persons Other Than Debtors Residing In The Household Of A Debtor

(1) **It shall constitute an unfair or deceptive act or practice** for a creditor to contact or threaten to contact persons, other than the debtor and those residing in the household of the debtor, in any of the following ways:

(a) Implying the fact of the debt to any such person…";

These debt collection regulations and the cases adjudicated under M.G.L.A. c. 93A and 940 CMR 7.00 make FDCPA violations "per se" violations of M.G.L.A. c. 93A (Please see Dean v. Compass Receivables Management Corp., 148 F. Supp. 2d 116, 119 (D. Mass. 2001 and M.G.L.A. c. 93A Sec. 49(1)).

Defendants made unauthorized contact with Plaintiff's mortgagor (on or about July 24, 2008) to accelerate collection of a disputed debt, during the 30 day statutory period Plaintiff is allowed to dispute a debt in good faith. This conduct violates FDCPA and thus constitutes a "per se" violation of M.G.L. c. 93A.

27.   Plaintiff believes, avers, and therefore states that Defendants' violations of Chapter 93A also include, but are not limited to, the following:

    a.   By engaging in the business of collecting a debt by using unfair, deceptive, and unconscionable means to wit:

        (1) by attempting to collect a disputed debt from Plaintiff without offering Plaintiff the legally required notices and informing Plaintiff of her right to dispute this debt within 30 days from the communicated demand; and

        (2) by not allowing Plaintiff 30 days to verify this disputed debt prior to acceleration efforts to force Plaintiff to pay said debt during the statutorily protected 30 day period.

    b.   Using the unfair, deceptive, and unconscionable practices of debt collection, to wit: By offering Plaintiff an illusory payment plan option that Defendants never intended in good faith to be effectively accepted by Plaintiff, and simultaneously accelerating their efforts to collect this disputed obligation by colluding with its affiliated attorneys to incur unnecessary, excessive, unearned, and abusive attorneys' fees under the ruse of collecting a di minimus debt.

c.    Using unfair, deceptive, and unconscionable practices of debt collection, to wit: Seeking *"a de facto forfeiture"* of Plaintiff's condominium Unit 203, by accelerating a disputed debt and colluding with its affiliated attorneys in order to incur unnecessary, excessive, unearned, and abusive attorneys' fees, under the ruse of collecting a di minimus debt; thereby seeking a forced sale of Plaintiff's condominium Unit in order to satisfy said attorneys unconscionable, unearned, and wrongful fees.

d.    Using unfair, deceptive, and unconscionable practices to collect a disputed debt, to wit: by ignoring the Plaintiff efforts to bring about a speedy, efficient, and cost effective resolution of this good faith dispute over monies each party claimed to be owed the other and choosing calculated legal remedies designed to rapidly inflate normal administrative collection costs, and work a critical financial hardship on Plaintiff.

e.    By wrongfully bullying the Plaintiff into paying the alleged disputed and unverified debt.

f.    Attempting to coerce Plaintiff's mortgagor to pay the alleged disputed unverified debt, prior to complying with the statutorily mandated procedures for debt collection in the United States and the Commonwealth of Massachusetts.

g.    By illegally using harsh, intimidating and offensive language and injurious psychological and emotional techniques in order to coerce a wrongful accelerated collection of a genuinely disputed debt.

h.    By misrepresenting the amount needed to satisfy the outstanding obligation, while simultaneously maximizing the Plaintiff's alleged obligation.

28.    Plaintiff believes and therefore states that Defendants' acts as described above were done intentionally, maliciously and for the sole purpose of wrongfully coercing Plaintiff to pay the alleged unverified and disputed debt.

29.    Plaintiff believes and therefore states that Defendants' acts as described above were done intentionally, maliciously and for the sole purpose of wrongfully accumulating and ultimately collecting unnecessary, unearned, and unjustified legal fees from Plaintiff.

30.    Plaintiff believes and therefore states that as a direct and proximate result of the Defendants' (and each of their) intentional and willful violations of Chapter 93A, and the provisions, and regulations thereunder as chronicled in the above paragraphs, the Defendants and each of them are liable to the Plaintiff in the sum of Plaintiff's actual damages, treble damages, interest, court costs and fees, and also Plaintiff's Attorney's fees, as provided by law.

## VI. COUNT – DEFAMATION
### (As to All Named Defendants)

31.  Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

32.  Plaintiff alleges that the Defendants and each of them acted intentionally, wrongfully, negligently, maliciously, and without privilege, as agents and principals of each other, to defame Plaintiff and to wrongfully publish injurious defamation of Plaintiff to third parties, and thereby caused Plaintiff foreseeable injury to her person, credit, and reputation.

## VII. COUNT - INTENTIONAL INTERFERENCE WITH BUSINESS/ECONOMIC RELATIONSHIP

33.  Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

34.  Plaintiff alleges that the Defendants and each of them acted intentionally, wrongfully, negligently, maliciously, and without privilege, as agents and principals of each other, to interfere with Plaintiff business and economic relationship with Plaintiff's mortgagor, Boston Private Bank and Trust Company.

## VIII. COUNT – FRAUD
### (As To Each Defendant)

35.  Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

36.  Plaintiff alleges that the Defendants herein intentionally and willfully defrauded her, to wit:

(1) Defendants intentionally and knowingly made false statements to Plaintiff concerning their willingness to resolve this dispute prior to employing litigation and increasing their legal fees in their collection efforts of this disputed debt;

(2) These statements were made with the intent to deceive Plaintiff and cause her to rely upon them;

(3) These statements were material to the plaintiff's decision to begin paying down this disputed debt prior to resolution of the dispute;

(4) Plaintiff reasonably relied on Defendants' statements and offer of a pre-litigation (alternative dispute resolution) method of resolving this dispute in an efficient and cost effective manner, and begin paying off this disputed debt, while Defendants simultaneously attempted to accelerate

10

their debt collection efforts;

(5) Plaintiff also hereby alleges that Defendants engaged in a pattern of accounting fraud in calculating, applying payments made or received on her account, and accurately and honestly crediting her account for the same;

(6) As a direct and proximate result of Defendants' wrongful actions, Plaintiff suffered foreseeable economic damages, physical, and emotional injuries.

## IX. COUNT - DECEIPT
### (As To Each Defendant)

37.    Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

38.    Plaintiff repeats and realleges and incorporates by reference all the allegations contained in paragraph 35, above, and states that said actions of Defendants constitutes the tort of Deceit.

## X. COUNT – MISREPRESENTATION
### (As To Each Defendant)

39.    Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

40.    Plaintiff repeats and realleges and incorporates by reference all the allegations contained in paragraph 35, above, and states that said actions of Defendants constitutes the tort of Misrepresentation.

## XI. COUNT - INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS
### (As To Each Defendant)

41.    Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

42.    Plaintiff repeats and realleges and incorporates by reference all the allegations contained in the preceding paragraphs, above, and states that said actions of Defendants intentionally and willfully inflicted extreme emotional, psychological, and physical distress on her. Plaintiff hereby alleges that:

(A)    Defendants intended to inflict emotional distress upon her;

(B)    Defendants' conduct was extreme and outrageous, and without legal privilege;

(C)   Defendants' conduct caused Plaintiff emotional, psychological, and physical distress; and

(D)   The emotional, psychological, and physical distress Plaintiff suffered was severe and of an outrageous nature.

## XII. COUNT - NEGLIGENT INFLICTION
## OF EMOTIONAL DISTRESS
### (As To Each Defendant)

43.   Plaintiff repeats and realleges and incorporates by reference all the paragraphs above.

44.   Plaintiff repeats and realleges and incorporates by reference all the allegations contained in the preceding paragraphs, above, and states that said actions of Defendants negligently inflicted extreme emotional, psychological, and physical distress on her.

(A)   Plaintiff hereby alleges that Defendants knew or should have known that emotional distress, psychological distress, and physical injury to Plaintiff would likely to result from their outrageous conduct;

(B)   Plaintiff further states that Defendants' negligent and reckless conduct was without legal privilege, and was the direct and proximate cause of her emotional distress, psychological distress, and physical injuries.

## XIII. COUNT – BREACH OF TRUSTEES' FIDUCIARY DUTY
## OF GOOD FAITH AND FAIR DEALING
### (As To One First Condominium Association,
### Matthews and the Trustees of One First Condominium Association)

45.   Plaintiff repeats and realleges and incorporates by reference all the preceding paragraphs above.

46.   Plaintiff alleges that the Trustees of One First Condominium Association had a duty towards her as a condominium owner, to treat her and deal with her in a manner consistent with the reasonable fiduciary standards of transparency, openness, good faith, and fair dealing in all of their interactions with her.

47.   Plaintiff further alleges that Defendant, Matthews, acting as Trustee of One First Condominium Association, breached this duty and violated these standards as a matter of fact, as a matter of law, and as a matter of public policy in the Commonwealth of Massachusetts.

48.     Plaintiff alleges that as Trustee of One First Condominium Association, Matthews and the One First Condominium Association are liable for the emotional, psychological, physical, and financial injuries she suffered as a direct, proximate, and foreseeable result of his breach of duty to Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, and each of them, as their liability appears, in the amount of:

1.     Plaintiff's actual damages.

2.     Plaintiff's proven tort damages.

3.     Statutory damages pursuant to 15 U.S.C. § 1692k.

4.     Statutory damages pursuant to M.G.L. Chapter 93A.

5.     Plaintiff's costs and reasonable fees pursuant to 15 U.S.C. § 1692k, and M.G.L. Chapter 93A.

6.     Plaintiff's reasonable Attorney's fees pursuant to 15 U.S.C. § 1692k, and M.G.L. Chapter 93A.

7.     For such other and further relief as may be deemed by this Honorable Court to be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Aliyah Gary demands trial by jury in this action of all issues so triable.

13

Respectively Submitted:

Aliyah Gary, Plaintiff

By Her Attorney:

Warren E. Wood, Esquire
MA. BBO # 533680

Law Office of Warren E. Wood, Llc.
60 Thoreau Street, 190
Concord, Massachusetts 01742
508.265.1092
Fax: 443.583.0211
woodattys@yahoo.com

14

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

ALIYAH GARY,
       Plaintiff,

**v.**

TRUSTEES OF THE
ONE FIRST CONDOMINIUM;
ASSOCIATION;
LEGGAT MCCALL PROPERTIES;
FIRST STREET VENTURE, LLC;
WILLIAM MATTHEWS;
BRENNAN, DAIN, LERAY,
WEIST, TORPY & GARNER, P.C.;
BARKAN MANAGEMENT CO., INC.;
ROBERT BRENNAN; and
DANIEL PASQUERRALLO,
       Defendants.

Civil Action No. _____

**COMPLAINT
AND
DEMAND FOR JURY TRIAL**

# PLAINTIFF'S EXHIBITS TO COMPLAINT AND DEMAND FOR JURY TRIAL

# PLAINTIFF'S
# EXHIBIT A-1



BRENNAN ▪ DAIN
LE RAY ▪ WIEST
TORPY ▪ GARNER PC

Robert L. Brennan, Jr.
617-542-4884
rbrennan@bdlwtg.com

June 23, 2008

**Via Certified Mail, Return Receipt Requested
and First Class Mail**

Aliyah Gary
29 Otis Street, #203
Cambridge, MA 02141

Re:     Notice of Delinquency Pursuant to M.G.L. c. 183A § 6
        <u>Unit 203 of the One First Condominium</u>

Dear Ms. Gary:

This law firm represents the Trustees of the One First Condominium. This Notice is being provided to you in compliance with Massachusetts General Laws Chapter 183A (the "Massachusetts Condominium Act") as the Condominium's records as of June 17, 2008 indicate that you are delinquent in meeting your financial obligations. Certain of those amounts are at least sixty (60) days overdue. The Massachusetts Condominium Act and section 7.11 of the Bylaws provides, among other things, that you are responsible for the Condominium's collection costs, including its attorney's fees. Therefore, the amount stated in this letter includes those costs which the Condominium has incurred through the date of this letter.

Based on the foregoing you owe the Condominium $2,295.27. Because of common expense assessments, interest, late fees, and other charges which may become due, including additional attorney's fees and costs, the amount due on the day you pay may be greater than this stated amount. Therefore, an additional payment may be necessary to bring your account current.

This Notice is being provided to you in accordance with the Massachusetts Condominium Act on behalf of the Condominium in its efforts to enforce your financial obligations and the lien on your unit securing those obligations. You should be aware that this law provides that your Mortgage Lender, if any, be given notice of your delinquency, and that the Condominium may file a lawsuit against you to establish your debt and enforce its lien. A result of that lawsuit may be the sale of your unit. All this can be avoided if you promptly pay off your debt or enter into an acceptable payment plan.



BRENNAN ▪ DAIN
LE RAY ▪ WIEST
TORPY ▪ GARNER PC

Aliyah Gary
June 23, 2008
Page 2

If you wish to propose a payment plan, please submit it to us in writing.  If you have any
questions concerning this notice, please do not hesitate to call me directly.

Sincerely,

Robert L. Brennan

cc:      Ralph Moore (by e-mail)

# PLAINTIFF'S
# EXHIBIT A-2



BRENNAN ▪ DAIN
LE RAY ▪ WIEST
TORPY ▪ GARNER PC

Robert L. Brennan, Jr.
617-542-4884.
rbrennan@bdlwtg.com

June 23, 2008

<u>Via Certified Mail, Return Receipt Requested
and First Class Mail</u>

Boston Private Bank and Trust Company
Ten Post Office Square
Boston, MA 02109

Re:    Notice of Delinquency Pursuant to M.G.L. c. 183A § 6(a),
       One First Condominium (the "Condominium"), Unit 203, Boston, MA
       <u>Unit Owner: Aliyah Gary</u>

Dear Sir/Madam:

In accordance with the provisions of Chapter 183A, Section 6(c), notice is hereby given that the above-referenced unit owner is delinquent in the payment of common expenses to the Condominium association in the amount of $2,295.27. Certain of these common expenses are at least sixty (60) days overdue.

Under Section 6(c), the lien for up to six months of common expenses together with attorney's fees and costs will be prior to your first mortgage on the unit. Your assistance in securing the payment of such amounts is requested.

Very truly yours,

Robert L. Brennan

cc:    Aliyah Gary (by Certified Mail and First Class Mail)
       Ralph Moore (by e-mail)

# PLAINTIFF'S
# EXHIBIT B

July 8, 2008

**Via email and US Mail**

Robert L. Brennan
Brennan, Dain, LeRay, Wiest, Torpy, Garner PC
129 South Street
Boston, MA 02111

Dear Attorney Brennan,

Thank you for your letter dated June 23, 2008 regarding my past due condo fees. It is my intent to have the balance due paid in full by no later than October 31, 2008. Currently I am in the process of setting up the auto-debit from my checking account with Barkin Management. This amount will be for the monthly amount of $131.00. I will also make various payment amounts between now and October 31, 2008 to completely diminish the balanced owed of $2,295.27.

Additionally I would ask that you inquire with your client as to the status of two additional long standing pending financial matters that we share.

1) Your clients suffered a mishap in the underground garage of the condominium complex that cause damage to my vehicle. We agreed upon $400.00 as acceptable compensatory damage amount. To date I have not received payment for this. If perhaps you can convince your client to expedite this payment I will happily apply that payment to be towards my past due amount. And secondly,

2) The City of Cambridge recognized that I had made an overpayment in property taxes in the amount of $957.12 in December 2007. A refund check was sent in error to your client and was deposited/cashed. My bank as well as myself and the City of Cambridge have made many attempts to rectify this matter with no response from your client. It would be tremendously helpful for all parties concerned if this matter can receive your attention so the monies can be forward to either myself or my bank escrow account.

Again I would like to thank you for your correspondence and I look forward to settling the matters at hand in a timely fashion.

Best regards,

Aliyah Gary

Cc:    Ralph Moore (by e-mail)
       Roger Preston, Boston Private Bank (by email)

# PLAINTIFF'S

# EXHIBIT C



BRENNAN ∙ DAIN
LE RAY ∙ WIEST
TORPY ∙ GARNER PC

Robert L. Brennan, Jr.
617.542.4884
rbrennan@bdlwtg.com

July 24, 2008

**Via Certified Mail, Return Receipt Requested
and First Class Mail**

Boston Private Bank and Trust Company
Ten Post Office Square
Boston, MA  02109

Re:   Notice of Delinquency Pursuant to M.G.L. c. 183A § 6(a),
      One First Condominium (the "Condominium"), Unit 203, Boston, MA
      Unit Owner: Aliyah Gary

Dear Sir/Madam:

By certified letter dated June 23, 2008 we provided you with notice of the unit owner's delinquency in the payment of common expenses. In accordance with the provisions of Chapter 183A, Section 6(c), notice is hereby given of our intent to file an action to enforce our lien for delinquent common expenses.

We received correspondence from Ms. Gary dated July 8, 2008 in which she proposed a payment plan. The terms of which are not agreeable to the Trustees of the One First Condominium.

Under Section 6(c) the lien for up to six months of common expenses together with attorney's fees and costs will be prior to your first mortgage on the unit. We again request your assistance in securing the payment of such amounts.

Sincerely,

Robert L. Brennan

cc:   Aliyah Gary (by Certified Mail, Return Receipt Requested and first class mail)
      Ralph Moore (by e-mail and first class mail)

129 South Street  ∙  Boston, MA  02111  ∙  T: 617.542.4800  ∙  F: 617.542.4808
www.bdlwtg.com

# PLAINTIFF'S
# EXHIBIT D

# Commonwealth of Massachusetts
# District Courts of Massachusetts
## CAMBRIDGE DIVISION

40 Thorndike Street
Cambridge, Mass. 02141
Tel. #494-4310

Atención—Este as una notificacion oficial de
la Corte. Si Ud no sabe leer inglés,
obtenga traducción.

Atencao—Este é um aviso oficial do Tribunal.
So voca nao sabe ler ingles, obtenha
traducao.

Middlesex, ss

Civil Action No. 0852 CV1169

## SUMMONS
(Rule 4)

To defendant __Aliyah Gary__ _____ of __29 Otis Street, Unit 203, Cambridge M__
                     (name)                                      (address)                         02141

You are hereby summoned and required to serve upon __Robert L. Brennan, Jr._____, plaintiff('s
attorney), whose address is __139 South Street, 3d floor, Boston MA 02111__, a copy of your answer to
the complaint which is herewith served upon you, within 20 days after service of this summons, exclusive of
the day of service. You are also required to file your answer to the complaint in the office of the Clerk of this
court either before service upon plaintiff('s attorney), or within 5 days thereafter. If you fail to meet the above
requirements, judgment by default may be rendered against you for the relief demanded in the complaint. You
need not appear personally in court to answer the complaint.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you
may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of
the plaintiff's claim or you will be barred from making such claim in any other action.

WITNESS _____ROANNE SRAGOW_____, Presiding Justice, on _____

(SEAL)                                                                                        (date)

                                                          _Robert J. Moscow_
                                                          CLERK/MAGISTRATE

Note: (1)  When more than one defendant is involved, the names of all defendants should appear in the action. If a separate summons
           is used for each defendant, each should be addressed to the particular defendant.
      (2)  The number assigned to the complaint by the Clerk at commencement of the action should be affixed to this summons
           before it is served.

## RETURN OF SERVICE

On | __September 3, 2008__ |
       (date of service)                I served a copy of the within summons, together with a copy of the

complaint in this action, upon the within named defendant, in the following manner (see Rule 4(d) (1-5):

_____
(signature)

_____
(name and title)

_____
(address)

Note: (1)  The person serving the process shall make proof of service thereof in writing to the court and to the party or his attorney,
           as the case may be, who has requested such service. Proof of service shall be made promptly and in any event within the
           same time during which the person served must respond to the process. Rule 4(f).
      (2)  Please place date you make service on defendant in the box on the copy served on the defendant, on the original returned to
           the court and on the copy returned to the person requesting service or his attorney.
      (3)  If service is made at the last and usual place of abode, the officer shall forthwith mail first class a copy of the summons
           to such last and usual place of abode, and shall set forth in the return the date of mailing and the address to which the
           summons was sent (G.L. c. 223, sec. 31).

2410·/  9000/3_00   This form prescribed by the Chief Justice of the District Courts

COMMONWEALTH OF MASSACHUSETTS
DISTRICT COURTS OF MASSACHUSETTS

MIDDLESEX,ss.

CAMBRIDGE DIVISION

| | |
|---|---|
| THE ONE FIRST CONDOMINIUM ASSOCIATION<br><br>Plaintiff,<br><br>v.<br><br>ALIYAH GARY<br><br>Defendant,<br><br>and<br><br>BOSTON PRIVATE BANK AND TRUST COMPANY<br><br>Party-in-Interest. | Civil Action No. _____ |

## COMPLAINT

1. This Complaint is brought pursuant to Massachusetts General Laws, Chapter 183A, Section 6, and Chapter 254, Sections 5 and 5A.

2. The One First Condominium Association (hereinafter "Plaintiff") is an unincorporated association organized and existing under the laws of Massachusetts. Plaintiff is the Unit Owners Association organized pursuant to the provisions of Massachusetts General Laws, Chapter 183A. The One First Condominium is a residential condominium located in Cambridge, Middlesex County, Massachusetts. Said Condominium was created by Master Deed dated November 14, 2006, and recorded with the Middlesex Registry of Deeds in Book 48491,

1

Page 270. The mailing address of the Condominium Association is 150 Cambridge Street, Cambridge, MA 02141.

3.    Aliyah Gary is the owner of Unit F203 in the One First Condominium acquired by Deed duly executed, sealed, acknowledged, and delivered dated May 11, 2007 and recorded in the Middlesex Registry of Deeds in Book 49433, Page 460. The Defendant's address is 29 Otis Street, Unit 203, Cambridge, MA  02141.

4.    Boston Private Bank & Trust Company is a party-in-interest named in accordance with the provisions of M.G.L. c. 254, Section 5.

5.    For purposes of this Complaint, it is alleged that six (6) months of the common area fees from June 1, 2007 to November 1, 2007, as well as all legal fees and costs of this action, are entitled to a priority over all mortgages, including the second mortgage, if any, pursuant to M.G.L. c. 183A, Section 6(c).

6.    In accordance with M.G.L. c. 183A, Section 6(c), the Plaintiff served the party-in-interest Boston Private Bank & Trust Company with a Sixty Day Notice on June 23, 2008, and a Thirty Day Notice on July 24, 2008 (a copy of said Notices are attached hereto as Exhibit "A").

7.    The provisions of Massachusetts General Laws, Chapter 183A, Section 6 provide, inter alia:

   a. That each unit owner(s) shall be personally liable for all sums lawfully assessed for his share of the common expenses; and

   b. Such unit owner(s) share of the common expenses shall constitute a lien upon his unit, enforceable and with the priority set forth in said statute.

8.    The provisions of the By-Laws of the One First Condominium Association provide, inter alia:

   a. The Board of Managers shall determine the annual assessment and shall render statements to Unit Owner(s) for their respective shares of such assessment; and

2

b.  The Board of Managers shall have the right to make special assessments; and

c.  Each Unit Owner shall be personally liable for his share of the common expenses and other assessments of the Condominium; and

d.  Such charges thereof until paid constitute a lien on the Unit of such Unit Owner(s).

9.  As of August 28, 2008, the Defendant is indebted to the Plaintiff in the amount of Three Thousand One Hundred Twelve and 34/100 ($3,112.34) Dollars for charges lawfully assessed but unpaid by the Defendants as set forth on Exhibit "B" attached hereto.

10.  The Defendant has failed, refused, and neglected to pay said common area expenses.

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

1.  Judgment in favor of the Plaintiff against the Defendant as follows:

a.  Three Thousand One Hundred Twelve and 34/100 ($3,112.34) Dollars which represents unpaid common area expenses, fines, and interest incurred on or before August 28, 2008; and

b.  Common expenses, including fines and interest; and

c.  Costs of this action.

2.  Judgment in favor of the Plaintiff against the Defendants for all expenses lawfully assessed against the Defendant but unpaid by the Defendant subsequent to August 28, 2008, and interest, attorney's fees and costs in connection therewith, and late fees from the date of this action;

3.  Interest on any judgment in favor of the Plaintiff under Prayer 1, and Prayer 2;

4.  This Honorable Court determine and establish that a lien exists pursuant to the provisions of said Chapter 183A, Section 6, in favor of the Plaintiff on the above-described condominium unit as of the date of the recording of a copy of this Complaint in the Middlesex Registry of Deeds to the full extent of the Plaintiff's damages as determined herein;

3

5.  Pursuant to M.G.L. c. 183A § 6(c), the Plaintiff is entitled to a priority over all mortgages, including the second mortgage if any, for six (6) months of common area fees from June 1, 2007 to November 1, 2007 plus all legal fees and costs of this action;

6.  This Honorable Court order that the Plaintiff pursuant to M.G.L. c. 254 Sections 5, 5A shall enter upon and sell the subject condominium unit and that the proceeds of said sale shall be applied to the Plaintiff's damages established in this action and the costs of enforcing this lien, and that the Defendants shall remain personally liable for any deficiency;

7.  In the event of such entry and sale, the Plaintiff shall be entitled to possession free and clear of all tenants and occupants; and

8.  For such other and further relief as this Honorable Court shall deem just.  In bringing this action, the Plaintiff does not waive its right to proceed against the subject condominium unit by virtue of the lien hereinabove described or, in the alternative, against the Defendant.

ONE FIRST CONDOMINIUM ASSOCIATION

By its attorneys,

Robert L. Brennan, Jr. (BBO#634482)
Daniel J. Pasquarello (BBO#647379)
BRENNAN, DAIN, LE RAY, WIEST, TORPY & GARNER, P.C.
129 South Street, 3d Floor
Boston, MA 02111
T: 617-542-4800
F: 617-542-4808

DATED: August 29, 2008

# PLAINTIFF'S
# EXHIBIT E

**FIRST STREET VENTURE**

CITY OF CA CITY OF CAMBRIDGE

| DATE | INVOICE NO | DESCRIPTION | ACCOUNT | INVOICE AMOUNT |
|------|-----------|-------------|---------|----------------|
| 11-10-08 | 11102008 | RET.OF PROP.TAX REBA | 04-000-00-77000 | 957.12 |

| CHECK DATE | 11-10-08 | CHECK NUMBER | 2338 | TOTAL > | | 957.12 |
|---|---|---|---|---|---|---|

PLEASE DETACH AND RETAIN FOR YOUR RECORDS

**FIRST STREET VENTURE**
C/O LEGGAT McCALL PROPERTIES LLC
10 POST OFFICE SQUARE
BOSTON MA 02109
617 422-7000

BANK OF AMERICA
BOSTON, MA

5-13
110

DATE
November 10, 2008

CHECK NO.
2338

AMOUNT
$*******957.12

Pay: **********************Nine hundred fifty-seven dollars and 12 cents

PAY TO THE ORDER OF
CITY OF CAMBRIDGE
TAX COLLECTOR'S OFFICE
795 MASSACHUSETTS AVENUE
CAMBRIDGE, MA  02139

⑆00000 2338⑆  ⑉011000138⑉94203  73517⑈



November 11, 2008

Ms. Ann Wilson
Finance Department
City of Cambridge
795 Massachusetts Avenue
Cambridge, MA 02139

### Re: Real Estate Refund Check #024993

Dear Ms. Wilson:

Enclosed please find a check in the amount of $957.12 which returns a property tax refund inadvertently made payable to First Street Venture, LLC, the prior owner of Unit 203, 29 Otis Street, Cambridge, MA. This amount should have been paid to the current owner, Aliyah Gary.

Per our conversation, we are returning these funds back to the Finance Department rather than to Ms. Gary.

Thanks for your assistance in clearing up this matter.

Best regards,

William A. Matthews
Senior Project Manager
for First Street Venture, LLC

WAM/cd

cc: Aliyah Gary
    Ralph Moore

enclosure: Check No. 2338

# PLAINTIFF'S
# EXHIBIT F

| MOTION TO THE COURT AND AFFIDAVIT | CASE DOCKET NO. 0852CV1169 | Trial Court of Massachusetts District Court Department |
|---|---|---|

The One First Condominium Association VS. Aliyah Gary
PLAINTIFF / COMMONWEALTH      DEFENDANT

**Cambridge**    DISTRICT COURT

On behalf of the   ⦿ Plaintiff    ◯ Commonwealth    ◯ Defendant   in this case, I respectfully request the Court:

☐ *Continuance:* to continue this case which is presently scheduled for _____
on _____, until _____, for the reasons given on page 2 of this form.
                                             Event

☐ *Remove default:* to order that the default, default order, or default judgment that was entered on _____ be set aside, and that this case be restored to the court's calendar, for the reasons given on page 2 of this form.

☐ *Remove dismissal:* to order that the order for, or judgment of, dismissal that was entered on _____ be set aside, and that this case be restored to the court's calendar, for the reasons given on page 2 of this form.

☐ *Speedy trial:* to order that the complaints whose numbers are listed above be advanced for speedy trial, for the reasons given on page 2 of this form.

☐ *New trial:* to order that the court's judgment in this case dated _____ be vacated and a new trial ordered, for the reasons given on page 2 of this form.
                                         Date

☐ *Revise or revoke sentence:* to revise or revoke the sentence(s) imposed in this case on _____ for the reasons given on page 2 of this form.
                                         Date

☐ *Amend or extend an abuse prevention order:* to extend or amend the abuse prevention order under G.L. c. 209A dated _____ in the manner and for the reasons given on page 2 of this form.

☐ *Withdraw from representation:* to be permitted to withdraw from further representation of the _____ in this case for the reasons given on page 2 of this form.
                                         Party

☒ *Other:* (Specify what you are asking the Court to do and the reasons on a separate piece of paper and attach it to this form.)
Motion for Summary Judgment

I have today ☒ mailed ☐ delivered a copy of this motion to all other parties to this case.

Any statements of fact made in this motion are made under the penalties of perjury and

◯ of my own personal knowledge.    ⦿ based on information that I believe is true.

| DATE Dec 17, 2008 | SIGNED X _(signature)_ |
|---|---|

PRINT NAME Daniel J. Pasquarello     ADDRESS 129 South Street, 3d floor, Boston, MA 02111     PHONE NO. 617-542-4864

If motion is agreed to by other party, that party or attorney should sign here to indicate assent.

| DATE | SIGNED X | PHONE NO. |
|---|---|---|

### FOR CLERK-MAGISTRATE'S USE ONLY

This motion has been scheduled for hearing > before the Court on this date and time >     DATE OF HEARING     TIME OF HEARING

| DATE | CLERK-MAGISTRATE OR DESIGNEE |
|---|---|

### FOR JUDGE'S USE ONLY

☒ After hearing    ☐ Without a hearing    this motion is    ☒ Allowed.    ☐ Denied.
_in part, suspension_

| DATE 2-13-09 | JUSTICE X _(signature)_ |
|---|---|